IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

SHEILA MILES                                                                                         PLAINTIFF

v.                                    Case No. 4:12-cv-00548

BAPTIST HEALTH and
RANDAL PIECHOCKI                                                                          DEFENDANTS

## ORDER

On August 29, 2012, *pro se* plaintiff Sheila Miles filed a complaint against defendants Baptist Health and Randal Piechocki under Title VII of the Civil Rights Act of 1964 (Dkt. No. 1). Ms. Miles paid the filing fee and filed her complaint. However, a summons was not issued for any named defendants and proper service was not achieved within the 120-day period. Rule 4 of the Federal Rules of Civil Procedure governs the contents of a summons, the issuance of that summons, and the process by which to serve properly defendants a copy of the summons and complaint.

Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Under Rule 4(m), a district court must engage in a two-step analysis. *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 612 (8th Cir. 2003). The court must first inquire whether the plaintiff has demonstrated good cause for her failure to serve within the prescribed 120-day period. If the court finds that good cause is shown, the court shall extend the time for service. *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir. 1996). Even if the

court concludes good cause is not shown, the court retains discretion and may grant an extension of the time for service if the plaintiff demonstrates excusable neglect. *Colasante*, 81 F. App'x at 612-14. "Excusable neglect" requires "good faith and some reasonable basis for noncompliance with the rules." *Adams*, 74 F.3d at 887. Factors a court may consider in determining whether neglect is excusable include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Gibbons v. United States,* 317 F.3d 852, 854 (8th Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1993)). The reason for the delay has the greatest significance when weighing these factors. *Id*. Excusable neglect is an "elastic concept" permitting courts to provide relief where the failure to meet a deadline is caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Kurka v. Iowa County, Iowa*, 628 F.3d 953, 959 (8th Cir. 2010). "'[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Gibbons*, 317 F.3d at 854 (quoting *Pioneer*, 507 U.S. at 395). A district court's findings at each step of the analysis will not be set aside absent an abuse of discretion. *Adams,* 74 F.3d at 887.

"The running of the statute of limitations does not require the district court to extend time for service of process," especially when plaintiff can offer no legitimate reason for the untimely service. *Id*. (quoting *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1306 (3rd Cir. 1995)). However, where a dismissal without prejudice has the actual effect of terminating a plaintiff's claim because a statute of limitation has run, a strong argument may be made for a permissive

extension, at least when such an extension would cause little or no prejudice to the defendant. *Colasante*, 81 Fed. App'x at 614.

Ms. Miles fails to demonstrate good cause for her failure to serve within the 120-day period. However, this Court still retains discretion to grant an extension of time for service. Here, it is unclear whether an extension would cause any prejudice to the defendants. By contrast, the consequence to Ms. Miles of dismissing the complaint for untimely service could be severe. Dismissal without prejudice may have the actual effect of terminating Ms. Miles's Title VII claim due to statute of limitations considerations. For these reasons, the Court finds excusable neglect and hereby notifies Ms. Miles that the Court is extending her deadline to issue a summons and to serve process.

Ms. Miles is hereby directed to comply with Rule 4 of the Federal Rules of Civil Procedure to issue a summons and to serve process. She has up to and including February 22, 2013, to serve the summons and complaint.

Pursuant to Local Rule 5.5 (c)(2), it is the duty of any party not represented by counsel to notify promptly the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

The Clerk is DIRECTED to send a copy of this Order *via certified mail* to Ms. Miles at her address of record.

SO ORDERED this 22nd day of January, 2013.

                                                _____
                                                KRISTINE G. BAKER
                                                UNITED STATES DISTRICT JUDGE